# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Bitterling et al., Exrs. of Keipler, Appellants, v. Deshler.

*Practice—Amendment—Form of action.*

A motion to amend by changing the form of action, when not made until nearly six months after a judgment of nonsuit has been entered, and after the statute of limitations has become a bar to the action, is too late.

*Principal and agent—Accounts—Evidence.*

In an action of assumpsit brought by one of several executors without the consent or approval of the others against an agent of the testatrix for an account, a nonsuit is properly entered, where the testimony shows that the defendant made regular statements to testatrix, that the balance showed by them was always paid, and that testatrix was satisfied with them.

Argued Jan. 30, 1894. Appeal, No. 34, July T., 1893, by plaintiffs, Celinda Bitterling, Annie E. Seip et al., surviving executrices of Sarah Keipler, deceased, from judgment of C. P. Lehigh Co., Nov. T., 1891, No. 45, entering nonsuit in favor of defendant, William H. Deshler. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit against agent for account. Before ALBRIGHT, P. J.

At the trial it appeared that Annie E. Seip was the only contending plaintiff. The other parties named as plaintiffs stated that they opposed the litigation, and that their names were used against their wishes.

Defendant was a son-in-law of testatrix and was employed by her as agent to collect rents, pay taxes and insurance, make repairs to buildings, and to account to her for balance. The evidence disclosed that defendant made statements at regular intervals to testatrix, and that she and her daughter Emma examined them; that the balance was paid according to these statements; and that Mrs. Keipler was "entirely satisfied" with them. The court entered a compulsory nonsuit. About six months after the entry of the nonsuit plaintiff made the following motion:

"And now March 7, 1893, Isaac Chism, attorney for plaintiffs, moves the court nunc pro tunc to permit an amendment or change of the form of action in this suit from assumpsit to account render to be made as if moved immediately before the entry of the nonsuit, in order that a proper decision of the cause upon its merits may be rendered, upon the plaintiffs' paying all costs up to the time of amendment as required by law."

The court refused to take off the nonsuit, or permit the amendment.

*Errors assigned* were (1) refusal to take off nonsuit; (2) refusal to permit amendment.

*Isaac Chism,* for appellants, cited: 1 Chit. Pl. 240; Seymour v. Hubert, 92 Pa. 499; Drexel v. Raimond, 23 Pa. 21; 5 A. & E. Ency. L. 528; 7 Ib. 360; 19 Ib. 220; Bucklin v. Davidson, 155 Pa. 362; McFadden v. Sallada, 6 Pa. 289; Bradley v. Hughes, Dist. Ct. Phila., 2 T. & H. Pr. 147; McFaddin v. Erwin, 2 Whart. 40; Reeside's Exrs. v. Reeside, 49 Pa. 322; McLean v. Wade, 53 Pa. 146; Irvine v. Hanlin, 10 S. & R. 219; Gallagher v. Gallagher, 6 Phila. 528; Acts of April 4, 1831, P. L. 491; May 4, 1852, § 2, P. L. 574; April 15, 1869, P. L. 30; May 10, 1871, P. L. 265; May 23, 1887, P. L. 158; 2 T. & H. Pr. § 1672; Scranton City v. Barnes, 147 Pa. 461; Smith v. Bellows, 77 Pa. 441; Fidler v. Hershey, 90 Pa. 366; Patton v. R. R., 96 Pa. 169; Rodrigue v. Curcier, 15 S. & R. 83; Erie City Iron Works v. Barber, 118 Pa. 17; Collins v. Barnes, 130 Pa. 356; Ins. Co. v. Adams, 10 Atl. R. 895; Com. v. Press Co., Ltd., 156 Pa. 516.

*Edward Harvey, John Rupp* with him, for appellee, cited: Reeside's Exr. v. Reeside, 49 Pa. 322; Gillis v. McKinney, 6 W. & S. 78; McFadden v. Sallada, 6 Pa. 287; Bredin v. Drew, 2 Watts, 95; Wagner v. Peterson, 83 Pa. 238; Gallagher v. Gallagher, 6 Phila. 528; Act of May 10, 1871, P. L. 265; Tyrrill v. Lamb, 96 Pa. 467; Herdic v. Woodward, 75 Pa. 479.

PER CURIAM, February 12, 1894:

An examination of the testimony in this case convinces us that there is no merit in the claim of the plaintiffs, and that they were not entitled to recover anything in any form of action. The proposed amendment therefore, even if applied for in time, which it was not, would be of no service to the plaintiffs, as it would give them no cause of action for which a recovery could be had. The motion to amend by changing the form of action was not made until nearly six months after the judgment of nonsuit was entered, and after the statute of limitations had become a bar to the action. Of course it was too late and was rightly refused.

Judgment affirmed.